UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CV-63017-WPD

ERIC WATKINS,
    Plaintiff,
v.

SCOTT ISRAEL, as Sheriff of Broward County;
MARK PINNOCK; ELIAS PINO; STEVIE
THOMAS; LUIS GALINDEZ; DANNY
POLK; GREGORY GORDON; UNKNOWN
BROWARD COUNTY JAIL MEDICAL STAFF
    Defendants.
_____/

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**I.  INTRODUCTION**

Plaintiff's Response to BSO's Renewed Motion for Summary Judgment (the "Response"), DE 274-1, does not establish any genuine issue of material fact and does not establish any basis to deny Defendants' Motion for Summary Judgment (the "Motion), DE 255. The Response contains six arguments against granting partial summary judgment that the Anti-Gay Song is not protected speech and two arguments against Count VI that the Defendants are not entitled to qualified immunity for rightfully subjecting Plaintiff to a strip search. Simply put, Plaintiff's Response is littered with conclusory opinions, not factual allegations, that are not tethered to and do not support even his purported first-hand recollection of events.

Regarding Count II, Plaintiff asserts six incorrect arguments in opposition to BSO's motion for partial summary judgment that the Anti-Gay Song is not protected speech:

- Argument 1 – the lyrics, while some may be offensive are not face to face fighting words, [D.E. 274-1 at p. 3];

- Argument 2 – the jail staff, arresting officers, and inmates do not have a substantial privacy interest in jail, *id.* at p. 3;

- Argument 3 – the Anti-Gay Song is not discriminatory, *id*. at p. 4;

- Argument 4 – the impact of the lyrics could not lead to the potential for violence or possible confrontations, *id.* at p. 5;

- Argument 5 – the alleged beating of Plaintiff is an adverse action likely to deter speech; *id.* at p. 6; and,

- Argument 6 – there is a causal connection between the alleged beating of Plaintiff and the adverse impact on him singing the Anti-Gay Song, *id.* at p. 7.

These arguments are baseless and there is no dispute of material fact that the Anti-Gay Song is discriminatory. Arguments 1, 2, 5, and 6 are not relevant or material in determining whether there is a dispute of material fact in deciding whether the Anti-Gay Song is discriminatory. Argument 3 does not create a dispute of material fact because Plaintiff does not assert any relevant, material facts to support the Anti-Gay Song is not discriminatory. Instead, Plaintiff only provides his self-serving opinion. Contrastingly, Plaintiff admits that lyrics to the Anti-Gay Song could be found offensive and then spells out the lyrics of the Anti-Gay Song that he sings in his Declaration attached to his Response to the Defendants' Statement of Material Facts. Further Argument 4 does not create a dispute of material fact as to whether the Anti-Gay Song is

discriminatory because once again Plaintiff relies on his opinion of the effect the Anti-Gay Song has on others.

Regarding Count VI, Plaintiff offers two more baseless arguments in opposition to BSO's motion for summary judgment that the Defendants are entitled to qualified immunity because the strip search was justified based upon Plaintiff's conduct:

- Argument 7 – Plaintiff's conduct upon arriving at the Main Jail and while being escorted into the Main Jail was not violent or threatening, *id.* at p. 8; and,

- Argument 8 – The strip search was intended to humiliate and punish Plaintiff, *id.* at p. 12. Argument 7's erroneous contention that Plaintiff was not acting in a violent or threatening manner is belied by his own admission of singing the Anti-Gay Song and the lyrics that comprise the Anti-Gay Song. Furthermore, Argument 8's assertion that the strip search was intended to humiliate and punish is not supported by any material facts and is Plaintiff's self-serving opinion. Plaintiff does not dispute the strip search was conducted by all males and in a private room separate from the rest of the inmate population.

## II. THE ANIT-GAY SONG IS NOT PROTECTED SPEECH

Arguments 1, 2, 5, and 6 fail to establish a dispute of material fact that the Anti-Gay Song is not protected because these arguments are not material or relevant.

### A. Arguments 1, 2, 5, and 6 Are Not Material or Relevant

In Argument 1, Plaintiff concedes some of the lyrics "may be offensive," but are not fighting words. Response at p. 2. Defendants did not assert the Anti-Gay Song as "fighting words." Defendants contend the Anti-Gay Song is discriminatory and not protected speech. [D.E. 255 at p. 3.] The singing of the Anti-Gay Song at the Main Jail creates "'the strong potential for that conduct to cause dangerous disturbances in an already dynamic environment.'" *Id.* (citing Watkins BSO Case). Argument 1 is not material or relevant to determine whether the Anti-Gay Song is protected by the First Amendment.

Argument 2 is not material or relevant to determine that the Anti-Gay Song is discriminatory because Plaintiff asserts no material facts to support his conclusory self-serving opinion that officers and inmates do not have a substantial privacy interest in jail. Response at pp. 3-4. Plaintiff fails to present any material facts that can dispute the singing of the Anti-Gay Song at the Main Jail could not lead to potential "'dangerous disturbances in an already dynamic environment'" [D.E. 255 at p. 3.] (citing Watkins BSO Case). All Plaintiff can offer is his self-

serving opinion. Argument 2 is not material or relevant to determine whether the Anti-Gay Song is protected by the First Amendment.

Argument 5 erroneously asserts the alleged beating was an adverse action likely to deter speech. Response at pp. 6-7. This argument has nothing to do with the first prong (is the speech constitutionally protected) of a First Amendment claim for retaliation. Defendants' Motion for Summary Judgment only addresses the first prong of the analysis. Argument 5 incorrectly addresses the second prong (adverse action likely to deter speech). Argument 5 is not material or relevant to determine whether the Anti-Gay Song is protected by the First Amendment.

Similar to Argument 5, Argument 6 does not address the first prong of the First Amendment retaliation analysis. Instead, Argument 6 addresses the third prong (causal connection). For the same reasons Argument 5 is not material or relevant, Argument 6 fails as well. Argument 6 is not material or relevant to determine whether the Anti-Gay Song is protected by the First Amendment.

### B. Arguments 3 and 4 Are Not Supported by the Record Evidence

Argument 3 contends the Anti-Gay Song is not discriminatory and is protected. Response at p. 4. Plaintiff fails to appreciate the location and setting in which he is singing offensive (admitted by him) and violent language — the Broward County Main Jail. It appears Argument 3 suggests the Anti-Gay Song is protected because Plaintiff believes his views on homosexual behavior can be freely stated anywhere he chooses. However, there is no dispute of material fact (1) Plaintiff was singing the Anti-Gay Song at the Main Jail; and the (2) the Anti-Gay Song contains offensive and violent language. [D.E. 255 at p. 3]; [D.E. 274-2 at ¶41] (detailing the lyrics of the Anti-Gay Song that Plaintiff sings and sang at the Main Jail). There can be no dispute of material fact that even a cursory review of the lyrics Plaintiff sang at the Main Jail has the strong potential to lead to potential violence, confrontations, and is discriminatory speech not protected by the First Amendment. The singing of the Anti-Gay Song is discriminatory and promotes violence against homosexuals including shooting them in the head with an Uzi and setting them on fire. The singing of the Anti-Gay Song could lead to potential disturbances in the Main Jail. Plaintiff does not present any material relevant facts that would create a disputed issue of material fact that the Anti-Gay Song is not discriminatory speech. All Plaintiff offers is his self-serving opinion that violence and confrontations would not occur because of him singing the Anti-Gay Song.

Argument 4 incorrectly contends the Defendants misled this Court that Plaintiff admitted the impact of the lyrics. Response at pp. 5-6. This did not occur. In their Motion, Defendants cited one example of Plaintiff explaining a portion of the lyrics regarding the Anti-Gay Song. [D.E. 255 at p. 4.] From there, Plaintiff then contends that just because the song contains offensive words and could be heard by others does not mean violence could occur. Response at p. 6. Once again that is Plaintiff's opinion. Plaintiff fails to appreciate that he is singing the Anti-Gay Song at the Broward County Main Jail. The Anti-Gay Song implores individuals to shoot and burn homosexuals and has the potential to elicit physical and threatening confrontations. [D.E. 255 at p. 3.] Plaintiff's opinion of what could or could not lead to physical confrontations at the Main Jail does not create a dispute of material fact.

### III.     THE STRIP SEARCH WAS JUSTIFIED

Plaintiff's Fourth Amendment rights were not violated and the strip search was valid. Further, it is not clearly established that requiring an inmate to be strip searched because he is singing violent and threatening language constitutes an unreasonable and abusive search.

Argument 7 incorrectly states Plaintiff's conduct upon arrival at the Main Jail and while being escorted into the Main Jail was not violent or threatening. However, there is no dispute of material fact that Plaintiff was singing the Anti-Gay Song upon arriving at the Main Jail and while interacting with the Defendants. The singing of the Anti-Gay Song belies Plaintiff's contention that his conduct was not violent or threatening because the lyrics of the Anti-Gay Song contain violent and threatening language. The Anti-Gay Song contains lyrics that include shooting homosexuals in the head and burning homosexuals like a tire wheel. [D.E. 225 at pp. 2-3]; [D.E. 274-2 at ¶41] (Plaintiff's Declaration). On its face, the Anti-Gay Song promotes and advances threatening and violent behavior and this is what Defendants witnessed first-hand when they encountered Plaintiff. Plaintiff attempts to create a dispute of material fact that Defendants did not expressly say they chose to strip search Plaintiff because he was singing the Anti-Gay Song. [D.E. 274-1 at ¶19.] However, Defendants Galindez, Pino, Gordon, and Pinnock all stated in response to interrogatories that Plaintiff's was acting in a violent and threatening manner and there is no dispute Plaintiff was singing the Anti-Gay Song which contains violent and threatening language. *See* [D.E. 254-3 at pp. 2 (Response to Interrogatory 4), 7 (Responses to Interrogatory 6, 8), 11 (Response to Interrogatory 5), 15 (Response to Interrogatory 4, 5).] Additionally, Plaintiff does not dispute the verbal argument between him and Deputy Pinnock

and that there was name calling. [D.E. 274-1 at ¶28.]; [D.E. 247-2 at ¶9.] Coupled with Plaintiff's violent and threatening conduct, Defendants are entitled to qualified immunity and the strip search was justified. Plaintiff's self-serving opinion of what is and what is not violent does not create disputes of material fact.

Next, Plaintiff unconvincingly attempts to further Argument 7 by asserting Defendants had no reasonable suspicion Plaintiff was concealing weapons or contraband. [D.E 274-1 at pp. 9-10] (incorrectly relying on *Bell v. Wolfish*, 441 U.S. 520, 559 (1978)). Defendants' Motion clearly states, that *Powell v. Barrett*, 541 F.3d 1298, 1314 (11th Cir. 2008 (*en banc*) delineates the *Bell* decision means the Fourth Amendment does not require reasonable suspicion for a strip search. [D.E. 255 at p. 6.] *See Moton v. Walker*, 545 Fed. Appx. 856, 859 (11th Cir. 2013) (unpublished opinion) ("Given our strong statement in *Powell* that a prison official does not need reasonable suspicion to conduct a visual body cavity inspection and the strong considerations given to the prison's to maintain security, we cannot say that a reasonable officer in Walker's position would have believed that he was violating Moton's Fourth Amendment rights merely by conducting the search.").

Lastly, Plaintiff's attempt to distinguish *Cuesta v. Sch. Bd.,* 285 F.3d 962, 968 (11th Cir. 2002) from the instant case is misplaced. Plaintiff ignores the Eleventh's Circuit's analysis that "it is implausible to believe the TGK personnel did not know about the violent and hateful language contained in the pamphlet, given the contents of the arrest affidavit and their lengthy discussion with Officer Galardi." *Cuesta*, at 970. Plaintiff is correct the singing of the Anti-Gay Song was not the offense he was arrested for, but Plaintiff has acknowledged and it is patently clear the lyrics of the Anti-Gay Song contain hateful and violent language. As in *Cuesta*, it is implausible and nonsensical to believe any contention by Plaintiff that the Anti-Gay Song does not contain violent and hateful language.

Argument 8 does not create a dispute of material fact because Plaintiff provides no facts and only provides his self-serving opinion that the he was subjected to a strip search to humiliate and punish him for the singing of the Anti-Gay Song, his anti-police protests, and because of the argument he got into with Deputy Pinnock. [D.E. 274-1 at p. 12.] What is not disputed is that: (1) Plaintiff was singing the Anti-Gay Song at the Main Jail which contains violent and threatening lyrics; (2) Plaintiff got into an argument with Deputy Pinnock at the Main Jail; (3) the strip search was conducted by all males; and, (4) the strip search was conducted in a private

room. Defendants were justified in performing the strip search and are all entitled to qualified immunity.

## IV.     CONCLUSION

For all the foregoing reasons, including the arguments contained in Defendants' Motion for Summary Judgment, DE 255, partial summary judgment should be entered in Defendants' favor regarding Counts II because the Anti-Gay Song is discriminatory and not protected speech. Defendants are also entitled to summary judgment in their favor regarding Count VI because they are all entitled to qualified immunity and the strip search was justified based upon Plaintiff's conduct and performed in an appropriate manner.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served upon all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on this 15th day of February, 2018.

**KOPELOWITZ OSTROW**
**FERGUSON WEISELBERG GILBERT**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Telephone No. (954) 525-4100
Facsimile No.   (954) 525-4300
*Attorneys for Defendant, BSO*

By: /s/ *Seth D. Haimovitch*
       DAVID L. FERGUSON
       Florida Bar Number:  0981737
       Ferguson@kolawyers.com
       SETH D. HAIMOVITCH
       Florida Bar Number:  0085939
       Haimovitch@kolawyers.com
       ALEXIS FIELDS
       Florida Bar Number:  95953
       Fields@kolawyers.com