UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CV-63017-WPD

ERIC WATKINS,

    Plaintiff,

v.

SCOTT ISRAEL, as Sheriff of Broward County;
MARK PINNOCK; ELIAS PINO; STEVIE
THOMAS; LUIS GALINDEZ; DANNY
POLK; GREGORY GORDON; UNKNOWN
BROWARD COUNTY JAIL MEDICAL STAFF

    Defendants.

_____/

**DEFENDANTS' REPLY STATEMENT OF MATERIAL FACTS AS TO WHICH
THERE EXISTS NO GENUINE ISSUE TO BE TRIED**

**I.      INTRODUCTION**

Plaintiff's Response to Defendants' Statement of Facts in Support of the Motion for Summary Judgment, DE 274-2, contains 40 additional paragraphs (paragraphs 13 through 52). Therefore, this Reply Statement of Material Facts responds to Plaintiff's additional facts only as those facts pertain to Counts II and VI of Plaintiff's Fifth Amended Complaint. *See* [D.E. 194] (Fifth Amended Complaint).

**II.     RESPONSE TO PLAINTIFF'S ADDITIONAL FACTS**

13.     This fact fails to raise a genuine dispute of material fact because it is irrelevant and immaterial to determine liability against Defendants for Counts II and VI. This fact is inadmissible because it is based on hearsay.

14.     This fact fails to raise a genuine dispute of material fact because it is irrelevant and immaterial to determine liability against Defendants for Counts II and VI.

15.     This fact fails to raise a genuine dispute of material fact because it is irrelevant and immaterial to determine liability against Defendants for Counts II and VI.

16.     This fact fails to raise a genuine dispute of material fact because it is irrelevant and immaterial to determine liability against Defendants for Counts II and VI. If this fact is deemed relevant and material then it demonstrates how the Anti-Gay Song is discriminatory and could produce special harms that the government has a compelling interest in preventing. It demonstrates that disturbances can and did occur at the Fort Lauderdale holding cell while Plaintiff was singing the Anti-Gay Song.

17.     This fact fails to raise a genuine dispute of material fact because it is irrelevant and immaterial to determine liability against Defendants for Counts II and VI. This fact is inadmissible because it is based on hearsay

18.     Not Disputed.

19.     Not Disputed.

20.     Disputed. Deputies Pinnock, Pino, Gordon, and Sgt. Galindez all confirmed that Plaintiff was acting unruly, violent, and uncooperative. [D.E. 254 at ¶7.] Plaintiff's actions, which include the singing of the Anti-Gay Song, is why he was subjected to a strip search.

21.     Disputed that Plaintiff complied with all of Defendants' orders, because he did not. [D.E. 254 at ¶7.] Not disputed that Defendants were in the Sallyport area.

22. Not disputed that Plaintiff continued to express himself regarding the arrest and his detest for the arresting officers and law enforcement. Disputed. [D.E. 254 at ¶8.] Disputed as to the remaining facts asserted in paragraph 22. [D.E. 254 at ¶7.]

23. Disputed. [D.E. 254 at ¶7.]

24. Not disputed that Plaintiff was arguing with Deputy Pinnock. [D.E. 254 at ¶9.]

25. Not disputed that Plaintiff was arguing with Deputy Pinnock. [D.E. 254 at ¶9.]

26. This fact fails to raise a genuine dispute of material fact because it is irrelevant and immaterial to determine liability against Defendants for Counts II and VI. If this fact is deemed admissible, it is disputed. [D.E. 254-3 at pp. 2 (Response to Interrogatory 4), 7 (Responses to Interrogatory 6, 8), 11 (Response to Interrogatory 5), 15 (Response to Interrogatory 4, 5).]

27. This fact fails to raise a genuine dispute of material fact because it is irrelevant and immaterial to determine liability against Defendants for Counts II and VI. If this fact is deemed admissible it is disputed. [D.E. 254-3 at pp. 2 (Response to Interrogatory 4), 7 (Responses to Interrogatory 6, 8), 11 (Response to Interrogatory 5), 15 (Response to Interrogatory 4, 5).]

28. This fact fails to raise a genuine dispute of material fact because it is irrelevant and immaterial to determine liability against Defendants for Counts II and VI. If this fact is deemed admissible it is disputed. [D.E. 254-3 at pp. 2 (Response to Interrogatory 4), 7 (Responses to Interrogatory 6, 8), 11 (Response to Interrogatory 5), 15 (Response to Interrogatory 4, 5).]

29. This fact fails to raise a genuine dispute of material fact because it is irrelevant and immaterial to determine liability against Defendants for Counts II and VI. If this fact is deemed admissible it is disputed. [D.E. 254-3 at pp. 2 (Response to Interrogatory 4), 7 (Responses to Interrogatory 6, 8), 11 (Response to Interrogatory 5), 15 (Response to Interrogatory 4, 5).]

30. This fact fails to raise a genuine dispute of material fact because it is irrelevant and immaterial to determine liability against Defendants for Counts II and VI. If this fact is deemed admissible it is disputed. [D.E. 254-3 at pp. 2 (Response to Interrogatory 4), 7 (Responses to Interrogatory 6, 8), 11 (Response to Interrogatory 5), 15 (Response to Interrogatory 4, 5).]

31. This fact fails to raise a genuine dispute of material fact because it is irrelevant and immaterial to determine liability against Defendants for Counts II and VI. If this fact is deemed admissible it is disputed. [D.E. 254-3 at pp. 2 (Response to Interrogatory 4), 7 (Responses to Interrogatory 6, 8), 11 (Response to Interrogatory 5), 15 (Response to Interrogatory 4, 5).]

32. This fact fails to raise a genuine dispute of material fact because it is irrelevant and immaterial to determine liability against Defendants for Counts II and VI. If this fact is deemed admissible it is disputed. [D.E. 254-3 at pp. 2 (Response to Interrogatory 4), 7 (Responses to Interrogatory 6, 8), 11 (Response to Interrogatory 5), 15 (Response to Interrogatory 4, 5).]

33. This fact fails to raise a genuine dispute of material fact because it is irrelevant and immaterial to determine liability against Defendants for Counts II and VI. If this fact is deemed admissible it is disputed. [D.E. 254-3 at pp. 2 (Response to Interrogatory 4), 7 (Responses to Interrogatory 6, 8), 11 (Response to Interrogatory 5), 15 (Response to Interrogatory 4, 5).]

34. This fact fails to raise a genuine dispute of material fact because it is irrelevant and immaterial to determine liability against Defendants for Counts II and VI. If this fact is deemed admissible it is disputed. [D.E. 254-3 at pp. 2 (Response to Interrogatory 4), 7 (Responses to Interrogatory 6, 8), 11 (Response to Interrogatory 5), 15 (Response to Interrogatory 4, 5).]

35. This fact fails to raise a genuine dispute of material fact because it is irrelevant and immaterial to determine liability against Defendants for Counts II and VI. If this fact is deemed admissible it is disputed. [D.E. 254-3 at pp. 2 (Response to Interrogatory 4), 7 (Responses to Interrogatory 6, 8), 11 (Response to Interrogatory 5), 15 (Response to Interrogatory 4, 5).]

36. This fact fails to raise a genuine dispute of material fact because it is irrelevant and immaterial to determine liability against Defendants for Counts II and VI. If this fact is deemed admissible it is disputed. [D.E. 254-3 at pp. 2 (Response to Interrogatory 4), 7 (Responses to Interrogatory 6, 8), 11 (Response to Interrogatory 5), 15 (Response to Interrogatory 4, 5).]

37. This fact fails to raise a genuine dispute of material fact because it is irrelevant and immaterial to determine liability against Defendants for Counts II and VI. If this fact is deemed admissible it is disputed. [D.E. 254-3 at pp. 2 (Response to Interrogatory 4), 7 (Responses to Interrogatory 6, 8), 11 (Response to Interrogatory 5), 15 (Response to Interrogatory 4, 5).]

38. This fact fails to raise a genuine dispute of material fact because it is irrelevant and immaterial to determine liability against Defendants for Counts II and VI. If this fact is deemed admissible it is disputed. [D.E. 254-3 at pp. 2 (Response to Interrogatory 4), 7 (Responses to Interrogatory 6, 8), 11 (Response to Interrogatory 5), 15 (Response to Interrogatory 4, 5).]

39. This fact fails to raise a genuine dispute of material fact because it is irrelevant and immaterial to determine liability against Defendants for Counts II and VI. If this fact is deemed

admissible it is disputed. [D.E. 254-3 at pp. 2 (Response to Interrogatory 4), 7 (Responses to Interrogatory 6, 8), 11 (Response to Interrogatory 5), 15 (Response to Interrogatory 4, 5).]

      40.      Disputed.  [D.E. 254 at ¶7.]

      41.      This fact fails to raise a genuine dispute of material fact because it is irrelevant and immaterial to determine liability against Defendants for Counts II and VI.  If this fact is deemed admissible it is disputed. [D.E. 254-3 at pp. 2 (Response to Interrogatory 4), 7 (Responses to Interrogatory 6, 8), 11 (Response to Interrogatory 5), 15 (Response to Interrogatory 4, 5).]

      42.      This fact fails to raise a genuine dispute of material fact because it is irrelevant and immaterial to determine liability against Defendants for Counts II and VI.  If this fact is deemed admissible it is disputed. [D.E. 254-3 at pp. 2 (Response to Interrogatory 4), 7 (Responses to Interrogatory 6, 8), 11 (Response to Interrogatory 5), 15 (Response to Interrogatory 4, 5).]

      43.      Not disputed Plaintiff was subjected to a strip search, but the remaining facts fail to raise a genuine dispute of material fact because it is irrelevant and immaterial to determine liability against Defendants for Counts II and VI.  If this fact is deemed admissible it is disputed. [D.E. 254-3 at pp. 2 (Response to Interrogatory 4), 7 (Responses to Interrogatory 6, 8), 11 (Response to Interrogatory 5), 15 (Response to Interrogatory 4, 5).]

      44.      Not disputed Plaintiff was subjected to a strip search.

      45.      This fact fails to raise a genuine dispute of material fact because it is irrelevant and immaterial to determine liability against Defendants for Counts II and VI.  If this fact is deemed admissible it is disputed. [D.E. 254-3 at pp. 2 (Response to Interrogatory 4), 7 (Responses to Interrogatory 6, 8), 11 (Response to Interrogatory 5), 15 (Response to Interrogatory 4, 5).]

      46.      Not disputed that after the strip search Plaintiff was fingerprinted and photographed.  The remaining facts alleged in paragraph 46 do not raise a genuine dispute of material fact because it is irrelevant and immaterial to determine liability against Defendants for Counts II and VI.  If this fact is deemed admissible it is disputed. [D.E. 254-3 at pp. 2 (Response to Interrogatory 4), 7 (Responses to Interrogatory 6, 8), 11 (Response to Interrogatory 5), 15 (Response to Interrogatory 4, 5).]

      47.      This fact fails to raise a genuine dispute of material fact because it is irrelevant and immaterial to determine liability against Defendants for Counts II and VI.  If this fact is deemed admissible, it is not disputed.

48. This fact fails to raise a genuine dispute of material fact because it is irrelevant and immaterial to determine liability against Defendants for Counts II and VI. If this fact is deemed admissible it is disputed. [D.E. 254-3 at pp. 2 (Response to Interrogatory 4), 7 (Responses to Interrogatory 6, 8), 11 (Response to Interrogatory 5), 15 (Response to Interrogatory 4, 5).]

49. Disputed the Anti-Gay Song has non-offensive lyrics. [D.E. 254 at ¶¶3-4]; [D.E. 274-2 at 25-26] (Plaintiff's sworn Declaration regarding the lyrics to the Anti-Gay Song). Not disputed as to the remaining assertions in paragraph 49.

50. This fact fails to raise a genuine dispute of material fact because it is irrelevant and immaterial to determine liability against Defendants for Counts II and VI. If this fact is deemed admissible it is not disputed.

51. This fact fails to raise a genuine dispute of material fact because it is irrelevant and immaterial to determine liability against Defendants for Counts II and VI. If this fact is deemed admissible it is disputed. [D.E. 254 at ¶7.]

52. This fact fails to raise a genuine dispute of material fact because it is irrelevant and immaterial to determine liability against Defendants for Counts II and VI. If this fact is deemed admissible it is disputed.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via the CM/ECF system on February 15th, 2018 to Eric Watkins, Pro Se, Kemet121671.ew@gmail.com. Plaintiff has informed undersigned counsel not to serve him via U.S. mail.

**KOPELOWITZ OSTROW**
**FERGUSON WEISELBERG GILBERT**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Telephone No. (954) 525-4100
*Attorneys for Defendant*

By: /s/ *Seth D. Haimovitch*
DAVID L. FERGUSON
Florida Bar Number: 0981737
Ferguson@kolawyers.com
SETH D. HAIMOVITCH
Florida Bar Number: 0085939
Haimovitch@kolawyers.com
ALEXIS FIELDS
Florida Bar Number: 95953
Fields@kolawyers.com